IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DOWNS CONSTRUCTION COMPANY, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:19-CV-889 |
| INTERBUILD, INC. d/b/a FUOG/INTERBUILD, INC., | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is Defendant's Motion to Dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. (ECF No. 7.) For the reasons stated below, the Court will grant Defendant's motion.

I. BACKGROUND

Plaintiff, Downs Construction ("Downs"), is a North Carolina limited liability company with its principal place of business in Thomasville, North Carolina. (ECF No. 14 ¶ 3.) It "is in the business of erecting manufactured metal buildings." (*Id.*) Defendant, Fuog/Interbuild, Inc. ("Interbuild"), is a Virginia corporation and commercial builder with its principal office in Loudoun County, Virginia. (ECF No. 5 ¶¶ 2–3, 7.)

On June 21, 2018, Plaintiff was contacted by email by a third party seeking to connect Defendant with a company that could help Defendant erect a building in Virginia. (ECF No. 14 ¶ 6.) After about two months of negotiating, Plaintiff and Defendant formed a contract

whereby Plaintiff agreed "to supply labor and material for [construction of a building] in Leesburg, Virginia." (*See* ECF Nos. 2 ¶ 3; 14 ¶ 8.) Plaintiff now alleges that Defendant did not pay in full for the services Plaintiff provided on the Leesburg contract. (ECF No. 2 ¶ 5.) Accordingly, on July 26, 2019, Plaintiff sued Defendant in North Carolina state court alleging breach of contract and related claims. (*Id.* ¶¶ 26–38.) On September 3, 2019, Defendant removed the case to this Court. (ECF No. 1.) This motion followed in which Defendant argues that Plaintiff's case should be dismissed for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. (ECF No. 7 at 1.)

## II. LEGAL STANDARD

On a personal jurisdiction challenge, the plaintiff bears the burden of ultimately proving personal jurisdiction by a preponderance of the evidence. *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). Where, as here, the court decides a pretrial personal jurisdiction question without conducting an evidentiary hearing— "reviewing only the parties' motion papers, affidavits attached to the motion, supporting legal memoranda, and the allegations in the complaint"—a plaintiff "need only make a [prima facie] showing of personal jurisdiction" to withstand a jurisdictional challenge. *Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016). "[A] plaintiff makes a prima facie showing of personal jurisdiction by presenting facts that, if true, would support jurisdiction over the defendant." *See Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 561 (4th Cir. 2014) (citing *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 862 (9th Cir. 2003)). However, a threshold prima facie finding of jurisdiction does not definitively settle the issue, as the plaintiff "must eventually prove the existence of personal jurisdiction by a preponderance of the evidence,

2

either at trial or at a pretrial evidentiary hearing." *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 n.5 (4th Cir. 2005) (quoting *Prod. Grp. Int'l v. Goldman*, 337 F. Supp. 2d 788, 793 n.2 (E.D. Va. 2004)).

When considering whether the plaintiff has made a prima facie showing of jurisdiction, the court "must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Universal Leather,* 773 F.3d at 558 (quoting *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)). Allegations in the complaint are taken as true, however, "only if they are not controverted by evidence from the defendant." *Vision Motor Cars, Inc. v. Valor Motor Co.*, 981 F. Supp. 2d 464, 468 (M.D.N.C. 2013). If both sides present evidence, "factual conflicts must be resolved in favor of the party asserting jurisdiction for the limited purpose of determining whether a prima facie showing has been made." *Id.*

## III. DISCUSSION

Defendant argues that this Court lacks personal jurisdiction over it because "this case has no meaningful or substantive connection with North Carolina." (ECF No. 8 at 12.) Plaintiff responds that this Court has specific personal jurisdiction over Defendant, (ECF No. 13 at 2–6), and argues in support of its claim the following contacts between Defendant and North Carolina:

1. Defendant initiated its relationship with Plaintiff through a third party. (*See id.* at 1.)

2. Defendant "sent numerous emails to Plaintiff in North Carolina" and, on at least one occasion, called Plaintiff in North Carolina. (*Id.* at 2.)

3

3. The parties "completed" the contract in North Carolina where Mr. Anthony Downs executed the contract on behalf of Plaintiff. (*Id.* at 2, 4.)

4. "Defendant mailed two checks to Plaintiff in North Carolina for partial payment of the contract." (*Id.* at 2.)

A federal district court can exercise personal jurisdiction over a nonresident defendant only if "(1) such jurisdiction is authorized by the long-arm statute of the state in which the district court sits; and (2) application of the relevant long-arm statute is consistent with the Due Process Clause of the Fourteenth Amendment." *Universal Leather*, 773 F.3d at 558. Because North Carolina's long-arm statute "permits the exercise of personal jurisdiction over a defendant to the outer limits allowable under federal due process," this two-prong test "merges into [a] single question," allowing the Court to proceed directly to the constitutional analysis. *Id.* at 558–59.

Under the Due Process Clause of the Fourteenth Amendment, two paths permit a court to exercise personal jurisdiction over a nonresident defendant: general or specific personal jurisdiction. *Id.* at 559. "General personal jurisdiction requires 'continuous and system[atic]' contacts with the forum state." *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 188 (4th Cir. 2016) (citing *Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 414–16 (1984)). Plaintiff implicitly concedes that this Court does not have general jurisdiction over Defendant, claiming instead that this Court has specific personal jurisdiction over Defendant arising from Defendant's contacts with North Carolina. (ECF No. 13 at 2–6.)

Specific personal jurisdiction can be exercised over a defendant "if the defendant's qualifying contacts with the forum state also constitute the basis for the suit." *See Universal*

4

*Leather*, 773 F.3d at 559. The Fourth Circuit employs a three part test to determine whether the exercise of specific personal jurisdiction over a nonresident defendant is proper: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Perdue Foods,* 814 F.3d at 189 (quoting *ALS Scan, Inc. v. Dig. Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002)). "The plaintiff must prevail on each prong." *Id.*

The first prong of this test requires the district court to evaluate whether "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *Universal Leather*, 773 F.3d at 559 (quoting *Fed. Ins. Co. v. Lake Shore, Inc.,* 886 F.2d 654, 658 (4th Cir. 1989)). This analysis is "flexible" and involves a case-by-case consideration of several factors. *Id.* at 560 (quoting *Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 302 (4th Cir. 2012)). In the business context, those factors include:

> (1) whether the defendant maintains offices or agents in the forum State; (2) whether the defendant owns property in the forum State; (3) whether the defendant reached into the forum State to solicit or initiate business; (4) whether the defendant deliberately engaged in significant or long-term business activities in the forum State; (5) whether [a choice of law clause selects the law of the State]; (6) whether the defendant made in-person contact with [a] resident of [the State] in [the State] regarding the business relationship; (7) the nature, quality and extent of the parties' communications about the business being transacted; and (8) whether the performance of contractual duties was to occur within the forum.

*Universal Leather*, 773 F.3d at 560 (quoting *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009) (internal citations omitted)). "Through an analysis of such factors, if a

5

court finds that the defendant has availed [itself] of the privilege of conducting business in the forum, specific jurisdiction exists." *Consulting Eng'rs*, 561 F.3d at 278.

Here, Plaintiff does not contend that Defendant maintains offices or agents in North Carolina, owns property here, or made an in-person contact with a resident regarding the contract. (*See* ECF No. 13.) Nor does it contend that the contract contained a choice of law clause selecting North Carolina or that performance of any contractual duties was to occur in North Carolina. (*See id.*) Defendant, for its part, does not dispute that it initiated its business dealing with Plaintiff and informs the Court that "[o]n two occasions more than twenty years ago[,] [it] worked on projects in North Carolina, but has not done so since." (*See* ECF No. 8 at 4, 9–10.)

Turning to the remaining factors, Defendant first declares that it "never deliberately engaged in significant or long-term business activities" in North Carolina. (*Id.* at 9.) It is undisputed that Defendant did not engage in business activity in North Carolina in the two decades preceding this case. That raises the question of whether the single contract at issue here is "significant" enough to constitute purposeful availment. Our case law establishes that "[a] contract with an in-state entity does not automatically establish minimum contacts with the forum state." *Pathfinder Software, LLC v. Core Cashless, LLC*, 127 F. Supp. 3d 531, 540 (M.D.N.C. 2015). It also establishes that a single contract may give rise to specific personal jurisdiction where "the defendant deliberately has engaged in significant activities within a State, or has created continuing obligations between itself and residents of the forum." *Perdue Foods,* 814 F.3d at 190 (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475–76 (1985)). However, as the Fourth Circuit explained in *Perdue Foods*, only the rare contract will, by itself,

6

be significant enough to establish the minimum contacts needed for personal jurisdiction. *See id.* at 190–91. In *Perdue Foods*, the Fourth Circuit contrasted the 20-year franchise agreement that gave rise to personal jurisdiction in *Burger King*, 471 U.S. at 467, with an agreement that did not "launch any ongoing collaboration or promise frequent interactions," holding that the later did not establish "significant or long-term business activities in the forum state." 814 F.3d at 190–91. Here, Plaintiff and Defendant formed a single contract of definite duration by which Plaintiff would construct a building for Defendant in Virginia. This alone does not constitute significant business activity in North Carolina.

Next, Defendant contends that "[p]rior to entering a written contract with [Downs], Interbuild exchanged only minimal communications with [Downs], including approximately seven telephone conversations and 23 emails." (ECF No. 5 ¶ 15.) Plaintiff does not contest these figures; instead, it states it exchanged "numerous emails" and "at least one telephone call" with Defendant while in North Carolina. (*See* ECF No. 13 at 2.) Thus, interpreting the record in the light most favorable to Plaintiff, the parties appear to have exchanged approximately seven phone calls and twenty-three emails while negotiating their contract. Though the sheer number of calls and emails involved is hardly voluminous, they are certainly substantial in that they resulted in the formation of the contract at the heart of this case. This factor therefore weighs at least mildly in favor of concluding that Defendant purposefully availed itself of the privilege of conducting business in North Carolina. *See Shandong Linglong Rubber Co.*, 682 F.3d at 305 (finding personal jurisdiction over a defendant whose "substantively weighty communications" with a co-conspirator in the forum state gave rise to plaintiff's claim).

In sum, only two of the eight factors generally considered by the Fourth Circuit weigh in favor of this Court exercising jurisdiction. Defendant did reach into North Carolina to initiate this contract and did exchange a handful of calls and emails with Plaintiff while Plaintiff was in the state; however, the contract that arose from these contacts did not establish a significant or long-term connection between Defendant and North Carolina—it merely called for the one-off construction of a building in Virginia. Meanwhile, the six other factors the Fourth Circuit generally considers suggest Defendant never intended to avail itself of the privilege of doing business in North Carolina. Thus, the Court concludes Plaintiff has not made a prima facie showing of personal jurisdiction and that Defendant's motion to dismiss must be granted.[1]

For the reasons outlined herein, the Court enters the following:

## ORDER

IT IS THERFORE ORDERED that Defendant's Motion to Dismiss, (ECF No. 7), is GRANTED.

This, the 30th day of March 2020.

/s/Loretta C. Biggs
United States District Judge

---

[1] Given this conclusion, the Court need not consider the second and third prongs of the purposeful availment test. *See Pathfinder*, 127 F. Supp. 3d at 540.